UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:05-cv-61225-KAM

COBRA INTERNATIONAL, INC.,
a Florida corporation,

    Plaintiff,

vs.

BCNY INTERNATIONAL, INC., a New
York corporation, et al.,

    Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on Defendants' Response to Status Report and Motion to Dismiss for Lack of Standing and Noncompliance with Court Order or, Alternatively, for Discovery and Related Fees and Costs (DE 555). The motion is ripe for review. For the following reasons, Defendants' motion to dismiss is granted.

### I. Background and Procedural History

Cobra International, Inc. ("Cobra") brought this action against Defendants for alleged infringement of U.S. Patent No. 5,821,858 ("the '858 patent"). In its operative complaint, Cobra alleges that the '858 patent was issued to Allan J. Stone, who became "the owner" of the patent, and that Stone assigned the patent to Cobra. (DE 48 ¶¶ 10–11.)

On September 21, 2014, the Court granted Defendants' Renewed Motion for Summary Judgment of Patent Invalidity for Lack of Inventorship because Defendants established that Stone

1

was not the sole inventor of the '858 patent. (DE 533 at 14.) The Court also held that Cobra "must be allowed to correct inventorship pursuant to 35 U.S.C. § 256 in order to avoid a finding of patent invalidity." (DE 533 at 14.) On December 10, 2014, the Court administratively closed this case to allow Plaintiff an opportunity to apply for a certificate of correction with the United States Patent and Trademark Office ("USPTO") regarding inventorship of the '858 patent. (DE 550.) On September 28, 2015, Cobra advised the Court that it obtained a certificate of correction from the USPTO. (DE 565.) The Court reopened the case on October 13, 2015. (DE 569.)

While the case was administratively closed, Defendants moved to dismiss on the ground that Cobra does not have complete ownership of the '858 patent and failed to join its co-owners as plaintiffs. (DE 555.) The Court held a hearing on the motion on October 27, 2015.

## II. Discussion

When a patent is co-owned, all co-owners must join as plaintiffs in an action for patent infringement. *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1467–68 (Fed. Cir. 1998). The Federal Circuit has stated that "a co-owner acting alone will lack standing." *Israel Bio-Eng'g Project v. Amgen, Inc.*, 475 F.3d 1256, 1265 (Fed. Cir. 2007).[1]

---

[1] As the Eleventh Circuit has observed,

> [T]he Supreme Court recently clarified in *Lexmark International, Inc. v. Static Control Components*, Inc., — U.S. —, 134 S.Ct. 1377, 188 L.Ed.2d 392 (2014), that the longstanding doctrinal label of "statutory standing" (sometimes also called "prudential standing") is misleading. The proper inquiry is whether the plaintiff "has a cause of action under the statute." But that inquiry isn't a matter of standing, because "the absence of a valid ... cause of action does not implicate subject-matter jurisdiction, i.e., the court's statutory or constitutional *power* to adjudicate the case." Instead, it is "a straightforward question of statutory interpretation."

*City of Miami v. Bank of Am. Corp.*, 800 F.3d 1262, 1273–74 (11th Cir. 2015) (citations omitted). The Federal Circuit has made similar observations. *See Empresa Cubana Del Tabaco v. Gen. Cigar*

Though the identity of the other co-owners is unclear, what is clear is that Cobra is not the sole owner of the '858 patent. In the context of joint inventorship, each co-inventor is a presumptive[2] co-owner of a patent. *Ethicon*, 135 F.3d at 1465. The Court has already held that Stone is not the sole inventor of the '858 patent. (DE 533.) Because he was only a co-inventor, Stone owned "a pro rata undivided interest in the entire patent" rather than a complete ownership interest. *Ethicon*, 135 F.3d at 1465. Thus, when he assigned the patent to Cobra, he assigned only a co-ownership interest in the patent. *See Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1382 (Fed. Cir. 2000) ("[A]n owner or licensee of a patent cannot convey that which it does not possess."). Due to Cobra's failure to join its co-owners as plaintiffs, Cobra's patent infringement claim must be dismissed. *Ethicon*, 475 F.3d at 1468 ("Ethicon's complaint lacks the participation of a co-owner of the patent. Accordingly, this court must order dismissal of this suit.").

Though Defendants are correct that Cobra's complaint must be dismissed, they incorrectly contend that the requirement of joining all co-owners "applies '*at the inception of the lawsuit*,' and such a '*jurisdictional defect cannot be cured*' after inception of the lawsuit." (DE 555 at 7) (quoting *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1364 (Fed. Cir. 2010)). Defendants misinterpret *Abraxis* by conflating a prudential requirement with constitutional standing.

The full statement in *Abraxis* that Defendants refer to is as follows:

---

*Co.*, 753 F.3d 1270, 1274 (Fed. Cir. 2014) ("The Supreme Court recently clarified that issues sometimes discussed in terms of 'standing' are more appropriately viewed as interpretations of a statutory cause of action."); *Vaillancourt v. Becton Dickinson & Co.*, 749 F.3d 1368, 1368–69 (Fed. Cir. 2014). Nevertheless, even after *Lexmark*, the Federal Circuit continues to refer to its requirement that all co-owners join as plaintiffs in a patent infringement suit as one of "standing." *See STC.UNM v. Intel Corp.*, 754 F.3d 940, 946 (Fed. Cir. 2014).

[2] Cobra has neither rebutted this presumption nor even claimed that Stone obtained complete ownership of the patent by, for example, being assigned the rights of another co-inventor.

3

> Based upon this Supreme Court jurisprudence, we have held that in a patent infringement action, "the plaintiff must demonstrate that it held enforceable title to the patent at the inception of the lawsuit" to assert standing. Thus, "*if the original plaintiff lacked Article III initial standing*, the suit must be dismissed, and the jurisdictional defect cannot be cured" after the inception of the lawsuit.

625 F.3d at 1364 (emphasis added) (quoting *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1309–310 (Fed. Cir. 2003); *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 (Fed. Cir. 2005)).[3]

While quoting *Abraxis*, Defendants omit the court's qualifier that its statement applies only "if the original plaintiff lacked Article III initial standing." *Id.* Indeed, the *Abraxis* court's entire discussion was about Article III standing.[4] In *Abraxis*, the court held that the plaintiff did not have legal title to the patents at issue when it commenced its patent infringement suit and therefore lacked Article III standing. 625 F.3d at 1364–65. This is so because if a plaintiff holds "no enforceable rights whatsoever in the patent at the time it filed suit," it "lack[s] a cognizable injury necessary to assert standing under Article III of the Constitution." *Paradise Creations*, 402 F.3d at 1310.

---

[3] Defendants' quotes from *Abraxis* are actually from two separate sentences, which in turn are quotes from *Paradise Creations* and *Schreiber Foods*, respectively. As discussed *supra*, both *Paradise Creations* and *Schreiber Foods* make clear that the requirement of joining co-owners has nothing to do with Article III standing, and that the failure to satisfy the requirement is curable after the inception of the lawsuit.

[4] In their motion, Defendants suggest that *Abraxis* applied to the requirement of joining all co-owners. They discuss the requirement of joining all co-owners and then state, "**This requirement** applies '*at the inception of the lawsuit*,' and **such** a '*jurisdictional defect cannot be cured*' after inception of the lawsuit." (DE 555 at 7) (bolded emphases added). But *Abraxis* did not deal with that requirement. As the full quote makes clear, the requirement that *Abraxis* mentioned as applying at the inception of the lawsuit was that the plaintiff "demonstrate that it held enforceable title to the patent." 625 F.3d at 1364. And the quote regarding a jurisdictional defect that cannot be cured was part of a different sentence and referred to *only one* type of jurisdictional defect, the lack of Article III initial standing. In their reply brief, Defendants incorrectly continue to assert that their argument is based on "a constitutional requirement that cannot be waived and which must exist at all stages of the litigation." (DE 558 at 4.)

4

Here, however, Defendants do not argue that Cobra's allegations fail to satisfy the three elements comprising the constitutional minimum of standing, i.e., that Cobra has not established (1) an injury in fact, (2) a causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Nor could they. As a co-owner, Cobra has constitutional standing to assert a patent infringement claim. *Bellehumeur v. Bonnett*, 127 F. App'x 480, 483 (Fed. Cir. 2005) ("Because Bellehumeur apparently was at least a co-owner of the '161 and the '187 patents, he had significant rights in those patents and thus would be injured by any party that infringed them. Thus, he apparently has constitutional standing to bring this lawsuit."); *Paradise Creations*, 315 F.3d at 1310 (explaining that an exclusive licensee with less than all substantial rights in the patent has Article III standing to sue for patent infringement). Thus, the statement in *Abraxis* regarding the inability to cure a lack of constitutional standing is inapplicable here.[5]

---

[5] Defendants' supplemental authority, *Stemcells, Inc. v. Neuralstem, Inc.*, No. 06-cv-1877-RWT, 2015 WL 4478519 (D. Md. July 22, 2015), also fails to support their argument. In *Stemcells*, the court held that the plaintiffs lacked *constitutional* standing based on its finding that StemCells, Inc. was not an exclusive licensee of the patents at issue. 2015 WL 4478519, at *5 ("'[O]nly a patent owner or an exclusive licensee can have constitutional standing to bring an infringement suit; a non-exclusive licensee does not.' . . . Thus, if Dr. Tetzlaff has a valid ownership interest, StemCells would not have an exclusive license, and would not have standing to pursue a patent infringement lawsuit against Neuralstem or any other Defendant." (alteration in original) (footnote and citations omitted)). At the hearing on their motion, Defendants relied on two additional cases. Both cases were available at the time they filed their motion to dismiss but were not cited in any of Defendants' briefs nor filed as supplemental authority. The Court need not consider these cases, but in any event, neither case helps Defendants because they too are based on constitutional standing rather than the requirement of joinder of co-owners.  *See Gaia Techs., Inc. v. Reconversion Techs., Inc.*, 93 F.3d 774, 777–78 (Fed. Cir.) ("Absent ownership of the Intellectual Property, Gaia lacked standing to sue on the patent and trademark infringement claims."), *amended on reh'g in part on other grounds by* 104 F.3d 1296 (Fed. Cir. 1996), *mandate withdrawn in part on other grounds*, 104 F.3d 1298 (Fed. Cir. 1997); *Visual Interactive Phone Concepts, Inc. v. Virgin Mobile USA*, No. CIV.A.05-2661(MLC), 2008 WL 4192065, at *7 (D.N.J. Sept. 8, 2008) (dismissing case as a sanction for misconduct and noting that plaintiff would be divested of constitutional standing if its

In fact, when the *Abraxis* court stated that the lack of Article III initial standing cannot be cured after the inception of the lawsuit, it quoted *Schreiber Foods*. In *Schreiber Foods*, the Federal Circuit stated that "[i]n the area of patent infringement . . . *if the original plaintiff lacked Article III initial standing*, the suit must be dismissed, and the jurisdictional defect cannot be cured by the addition of a party with standing, nor by the subsequent purchase of an interest in the patent in suit." 402 F.3d at 1203 (emphasis added) (citations omitted). But in a footnote to this statement, the court added, "If the original plaintiff had Article III standing, any prudential standing concerns may be overcome by adding a plaintiff with proper standing."[6] *Id.* at 1203 n.4.

In no uncertain terms, the Federal Circuit has repeatedly stated that the requirement of joining all co-owners in a patent infringement suit is a prudential, not constitutional, requirement. *See Israel Bio-Eng'g Project v. Amgen, Inc.*, 475 F.3d at 1265; *Mentor H/S, Inc. v. Med. Device Alliance, Inc.*, 240 F.3d 1016, 1018 (Fed. Cir. 2001) (per curiam); *Prima Tek II*, 222 F.3d at 1377; *see also Bellehumeur*, 127 F. App'x at 483–84. In *Mentor*, the Federal Circuit even "invited" the plaintiff-appellant to move to add a patent owner as a party to cure the defect *at the appellate stage*. *Mentor*, 240 F.3d at 1019. Again cementing the distinction between Article III standing and the joiner of co-owners requirement, the Federal Circuit later explained (in a case also quoted in *Abraxis*) that in cases such as *Mentor*, where the plaintiff fails to join a patent owner but has Article III standing, the defect is curable. *Paradise Creations*, 315 F.3d at 1310. Such cases, the court explained, are distinguishable from scenarios where the plaintiff lacks Article III standing because it possesses "no

---

agreement granting a non-party the right to sue for any infringement were valid).

[6] The court also noted that even certain defects affecting subject-matter jurisdiction could be remedied after inception of the suit, and it suggested that this might even apply to a lack of Article III standing outside the patent infringement context. *See Schreiber Foods*, 402 F.3d at 1203.

6

enforceable rights whatsoever in the patent." *Id.* Based on this wealth of Federal Circuit authority, the argument that the failure to join all co-owners is an incurable defect is rejected.

Whether the Federal Circuit's joinder of co-owners requirement derives from statutory interpretation or prudential policy considerations, *see STC.UNM*, 754 F.3d at 947 (discussing policy concerns that "underpin the court's joinder requirement for patent owners"), the requirement is not based on Article III of the Constitution. Though it may lack a right to sue without meeting other requirements, a co-owner of a patent suffers a cognizable injury for the purpose of constitutional standing when the patent is infringed. Therefore, the failure to join all co-owners at the inception of a patent infringement suit is curable. The Federal Circuit's holdings regarding the inability to cure a lack of constitutional standing are inapposite.

Though the failure to join all co-owners at the inception of a patent infringement suit is curable, Defendants may have other objections to allowing Cobra to file a third amended complaint in this decade-old suit. Therefore, Cobra is not automatically granted leave to file an amended complaint. Instead, Cobra must move for such leave.[7] The Court will rule on the motion after Defendants have an opportunity to raise their objections in response.

### III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' motion to dismiss (DE 555) is **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE**. Any pending motions are **DENIED AS MOOT**. Plaintiff shall move for leave to file an amended

---

[7] Cobra is reminded that the deadline for amended pleadings and the addition of parties has passed. Thus, it must establish good cause under Federal Rule of Civil Procedure 16(b)(4) to prevail on a motion for leave to amend. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam).

complaint within ten days from the entry of this Order or this case will be closed.

**DONE AND ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 9th day of November, 2015.

_____
KENNETH A. MARRA
United States District Judge